# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00599-CR

**Betsy Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CR21725, HONORABLE ED MAGRE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Betsy Martinez was adjudged guilty of criminal mischief and sentenced to two years in state jail. *See* Tex. Penal Code Ann. § 28.03(a)(1), (b)(4)(A) (West Supp. 2008). Imposition of sentence was suspended, and appellant was placed on community supervision. Appellant contends that the evidence is legally and factually insufficient to support the finding of guilt. We overrule these contentions and affirm the conviction.

In September 2003, appellant and her husband Jason Martinez leased the house at 614 East Main in Cameron belonging to Jean Blaney and managed by her daughter, Stephanie Blaney. The original term of the lease was six months, and it continued thereafter on a month-to-month basis with the tenant required to give three-months' notice before terminating the lease. Stephanie Blaney testified that various repairs were made to the house before appellant and her husband moved in, and that the house was in "good, fully-working condition" at that time.

Blaney testified that on September 2, 2005, she went to the house to collect unpaid rent. She learned from a neighbor that appellant and her husband were no longer living in the house, although their belongings were still there. The Martinezes had given no notice of their intention to terminate the lease. Blaney testified that the house had been vandalized: cabinet doors were broken off their hinges, door locks were broken and inoperable, holes had been cut or punched through doors, a window was broken, and the kitchen floor was damaged.

Cameron police officer Joe Reyna responded to Blaney's call on September 2. Regarding the damage to the house, Reyna testified, "Well, there were holes in the wall cabinet, doors were broken, windows were broken, a screen door was broken. The kitchen, there were—cabinet doors were removed, was cabinet doors removed, broken. It was just a mess. There was litter all over the house, trash. You know, just it was trashed." Reyna testified that the damage to the house did not appear to be normal wear-and-tear. Sixteen photographs documenting the damage were taken by Blaney and admitted in evidence.

Blaney testified that when she later spoke to Jason Martinez about the rent owed and the damage to the house, he offered to "pay for the damages or work on the doors and everything, and I said, well, no, we need to have it professionally done." A contractor testified that he gave Blaney an estimate of $7080 to repair the damage to the house. He, too, believed that the damage was more than the usual wear-and-tear. He testified, "Well, it shows a lot of excessive force to be able to do the damage that was in these pictures, to break a lock away from the jamb, windows and the other items showed there."

2

Both appellant and Jason Martinez were indicted for intentionally or knowingly damaging Blaney's rent house. They were tried jointly, and both were convicted by the court. Jason Martinez's appeal to this Court was dismissed for want of prosecution.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 234 S.W.3d at 778.

Appellant contends that the evidence is legally insufficient because there is no direct evidence that she personally caused the damage to the house or that she acted intentionally or knowingly. The lack of direct evidence is not dispositive, however. Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Each fact or circumstance need not point directly and independently to the defendant's guilt; rather, it is the cumulative effect of all the incriminating facts that must be considered. *Id*.

The evidence establishes that the damage to the rent house occurred while appellant and her husband were tenants on the lease. Although they were behind on the rent and apparently not occupying the house when the damage was discovered, their belongings were still in the house

3

and they had not given notice to terminate the lease. Viewing the evidence in the light most favorable to the judgment, the court could rationally have found beyond a reasonable doubt that appellant and her husband caused the damage. Given the nature and extent of the damage, the court could reasonably have inferred that the damage was intentional. The evidence is legally sufficient to sustain the conviction.

In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson*, 23 S.W.3d 1, 9; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

Appellant argues that the incriminating evidence is so weak as to make her conviction manifestly unjust. Appellant was not living in the rent house on September 2, 2005, and there is no evidence as to when she left. There is also evidence that appellant and her husband were estranged; they were not living together on September 2 and Jason Martinez had obtained a restraining order

4

against appellant. Appellant urges that under these circumstances, it was unjust for the court to conclude that she had been living in the house and was responsible for the damage.

Although the circumstantial evidence is subject to more than one interpretation, we must give deference to the trial court's factual determinations. *Johnson*, 23 S.W.3d 1, 9. A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). The evidence is factually sufficient to sustain the conviction.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   October 8, 2009

Do Not Publish

5